Lamneck, J.
Under Section 2 of Article XII of the Ohio Constitution, the General Assembly may exempt from taxation public property used exclusively for any public purpose.
The General Assembly, under the authority thus granted, enacted Section 5351, General Code (Section 5709.08, Revised Code), which provides, so far as is relevant to this case, that “real or personal property belonging to the state or United States used exclusively for a public purpose and public property used exclusively for a public purpose, shall be exempt from taxation. ’ ’
In order to obtain exemption from taxation, under Section 5351, General Code, there are three prerequisites: (1) The property must be public property, (2) the use thereof must be for a public purpose, and (3) the property must be used exclusively for a public purpose.
The evidence in this case shows that this property is being used for purposes of entertainment open to the public and the holding of public and at times private events; that it produces revenue from admission charges and from concessions; and that to a limited extent at least it is in competition with private business enterprises in the field of entertainment. It is conceded that, although admission charges are made and the concession stands are operated for revenue, neither the lessor nor lessee have made any net profit from these operations.
Under this state of facts, this case is somewhat similar to the Cleveland case, supra, wherein it was held that municipally owned real estate used in carrying on a private or proprietary function in competí *454 tion with others engaged privately in similar enterprises is not exempt from taxation as being public property used for a public purpose. Authorities are not unanimous in defining the term, “public property used exclusively for a public purpose.” See City of Cleveland v. Ruple, 130 Ohio St., 465, 200 N. E., 507, 103 A. L. R., 853; City of Toledo v. Jenkins et al., Board of Tax Appeals, 143 Ohio St., 141, 54 N. E. (2d), 656; City of Cleveland v. Board of Tax Appeals, supra; and City of Dayton v. Raines, Aud., 156 Ohio St., 366, 102 N. E. (2d), 590.
“Public property,” as that term is used in Section 5351, General Code, for the purpose of describing property exempt from taxation means property belonging to the state or a political subdivision thereof, such as a county, city, village, township, school district, and the like. Such subdivisions include a subordinate public corporation of the state.
It is fundamental that property lawfully owned and controlled by a municipal corporation is public property. In addition to its ownership thereof, the municipality must be in control of the property and must confine the use thereof exclusively to a public purpose, in order to successfully claim exemption from taxation.
In the instant case, however, all the property in question is leased to a private corporation at a stipulated rental plus five per cent of the gross receipts from concession stands. By such lease the city of Troy, although holding the fee title, is not the owner having-control and using the property exclusively for a public purpose. When public property is leased to a private corporation, it is no longer public property under the control of a governmental unit. The lessee of this property, a private corporation, during- the term of the lease is the user of the property, and not the city of Troy.
Under Section 5351, General Code, the requirement *455 for tax exemption is that the property be ‘ ‘ public property used exclusively for a public purpose.”
Where a public body owns real property and leases it to a private corporation at a fixed rental and other emoluments, the elements of ownership are partly vested in the lessor and partly in the lessee. That part of the ownership vested in the private corporation by its lease thereafter ceases to be public property. The use which the lessee in this case makes of such property, although confined-to public entertainment and the staging of public and private events, is not a use by the applicant but by the private corporation.
The contract of lease specifically provides in paragraph six of “Conditions of Agreement” that the “fees shall inure to the benefit of the corporation (the lessee),” and, under paragraph two, the lessee is granted the use of the premises.
The applicant has not established a right to have its property exempted from taxation.
The decision of the Board of Tax Appeals is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Middleton and Hart, JJ., concur.
Taet and Stewart, JJ., concur in the syllabus and in the judgment.